## Staunton.

SLAYMAKER'S ADM'R V. JAFFRAY & CO.

SEPTEMBER 16th, 1886.

1. CORPORATIONS— *Dividends— Capital stock—Directors—Liability.*—
If board of directors of corporation, when it is insolvent, declare a
dividend of net profits, the directors concurring in the act, in their
individual capacity, are jointly and severally liable to the corpora-
tion's creditors for the amount of the capital stock so divided. Code
1873, ch. 57, sec. 33.
2. IDEM—*Insolvency—Proof—Case at bar.*—The question of the alleged
insolvency at date of the dividend is one of fact, and the insolvency
must be established by proof. In case at bar it was not proved.

Appeal from decree of circuit court of city of Alexandria in
the cause of Jaffray & Co. against Slaymaker and others. The
decree was adverse to the defendants, and they appealed to
this court.

Opinion states the case.

*S. F. Beach,* for the appellant.

*H. O. Claughton* and *C. E. Stuart,* for the appellees.

LACY, J., delivered the opinion of the court.

The bill is filed by the appellants, creditors of the appellees,
and against the appellees as an insolvent corporation, to have
a receiver appointed to take charge of and administer the

assets of the said corporation toward the payment of their debt, and to charge the incorporators personally, and for a discovery.

The circuit court of Alexandria city rendered a decree against the said incorporators, holding them personally responsible for a dividend declared by the directors of the company on the second day of February, 1875, on the ground that the company was at that date insolvent, and the dividend was a part of the capital stock of the company, and was in violation of the thirty-third section of chapter 57 of the Code of 1873.

This question is one of fact purely. If the company was insolvent at the time a dividend was declared of net profits, the directors are responsible, "in their individual capacity, jointly and severally liable to the company's creditors for the amount of the capital so divided."

The words of the statute, cited above, are plain; but this must depend upon proof. It cannot be assumed. The balance sheet laid before the company's meeting at the said second day of February, 1875, showed a solvent condition of their affairs, and there is no proof to the contrary; and the only witness examined testifies to the solvency of the company at that time.

This witness—H. C. Slaymaker—is sought to be contradicted by his previous statement that he did not know the condition of the company on the 2d of February, 1875. He said, however, when his attention was directly called to the *object* of the question, by the question, on the 2d day of February, 1875, Was the company solvent or insolvent? "It was solvent." Was it solvent *after* the payment of the eight per cent. dividend? Ans. It was.

This first answer, above stated, must be taken in connection with these. He cannot be said to have proved the insolvency of the company, and there is no other evidence of it. The

commissioner, to whom the case was referred on this point, reported the company as solvent at that time. There is no evidence in the record to sustain the decree of the circuit court on this point, holding the directors individually liable for the amount of the dividend to the company's creditors, and the same is erroneous, and for that cause must be reversed and annulled.

Jaffray & Co. appealed from the same decree, and assign as error here: that the directors were not held by the circuit court individually liable for the debts of the company to the amount of the stock held by them. This provision of section 63 of chapter 57, Code of 1873, was stricken out of the statute in April, 1874. Acts 1874, page 182. But it is insisted that as this company was incorporated before that date, and was dealing with the said appellees, this amendment does not apply to them or their debt. But a sufficient answer to this appears in the fact that the debt sued on was contracted long subsequent to the enactment of the amendment in question, while it must be admitted the law was of general application to all companies in the State.

It is clear that no such responsibility attached to the directors of this company under the law, and there was no error in the decree of the circuit court upon this point, and the same must be in so far affirmed.

But the said decree is erroneous, as has been said, in so far as it held the directors of the company individually liable to the creditors of the company for the amount of the dividend declared on the 2d February, 1875, and for that must be reversed, and the cause remanded for further proceedings to wind up the business of the company and make distribution of its assets, as the company is now an insolvent concern.

DECREE REVERSED.